HARVEY De GRAW, DEFENDANT-RESPONDENT, v. TODD SHIPYARDS CO., PROSECUTOR-APPELLANT.

Argued February 7, 1946—Decided May 20, 1946.

For the appellant, *Walter H. Jones* (*Isidore Kalisch,* of counsel).

For the respondent, *Isadore Rabinowitz* and *Hein & Smith.*

The opinion of the court was delivered by

COLIE, J.   Harvey DeGraw was employed by Todd Shipyards Co. as a pipefitter.   On January 20th, 1944, he sustained injuries in an accident arising out of and in the course of his employment.   He filed a petition in the Workmen's Compensation Bureau where an award was entered in his favor.   On appeal to the Hudson County Court of Common Pleas, that court affirmed.   *Certiorari* was allowed and upon the return to the writ, a judgment of dismissal was entered. The employer, Todd Shipyards Co., appeals from the judgment of dismissal.

The sole issue for decision is one of jurisdiction, *i. e.,* Is the New Jersey Workmen's Compensation Bureau or the United States Employees' Compensation Commission the proper forum in which the injured employee should seek compensation?

The facts follow.   Todd Shipyards Co. was engaged in the business of repairing and converting ships at its shipyard in

Hoboken, New Jersey. It is stipulated that the waters of the Hudson River at that point are navigable waters of the United States. In December, 1943, the *S. S. Fred Morris* was brought to the shipyard, dry-docked for the purpose of a hull survey to ascertain whether she could be converted from a freighter to an A. P. Attack-transport. It is clear from the evidence that the placing of the Morris in dry-dock was solely for the purpose of hull inspection and upon the completion thereof she was returned to the water, moored to the dock, and pipe lines were run aboard her from the dock alongside. Her fuel oil bunkers were emptied in accordance with Coast Guard regulations and the work of reconversion proceeded. The nature of the work was a complete conversion from a freighter to a navy transport. The extent of the operation may be judged from the fact that the entire operation commenced December 23d, 1943, and ended on March 15th, 1944. The injured workman testified that 'the work "Was really a conversion job;" "They tore out the bulkheads. They tore out pipelines here and there all over the boat." The superintendent of repair of the company testified that the job was a "complete conversion * * * from a freighter to a navy transport" and entailed changing the fuel oil lines "To carry a greater capacity of oil * * * to transfer fuel to another vessel." Additional fuel oil tanks were installed to extend the vessel's cruising range and to refuel other ships and additional doublers and reinforcing plates were put on the hull.

From this recital, it is apparent that the work being done was far more than is comprehended within the terms of repairs, but was a conversion, which, when completed, would change the character of the vessel. Furthermore, the work that was being performed by DeGraw consisted in removing a section of a pipe line. This work had no direct relation either to navigation or commerce, and brings this case clearly within the line of cases exemplified by *Grant Smith-Porter Ship Co.* v. *Rohde,* 257 *U. S.* 469, and *Sultan Railway and Timber Co.* v. *Department of Labor,* 277 *Id.* 135, which latter holds "That where the employment, although maritime in character, pertains to local matters, having only an incidental relation to navigation and commerce, the rights, obli-

gations and liabilities of the parties, as between themselves, may be regulated by local rules which do not work material prejudice to the characteristic features of the general maritime law or interfere with its uniformity." Since we find that the work being performed by DeGraw pertains to local matters having but an incidental relation to navigation and commerce, it follows from the cases above cited that the New Jersey Workmen's Compensation Bureau had jurisdiction.

The judgment under review is affirmed, with costs.

*For affirmance*—PARKER, DONGES, HEHER, COLIE, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, JJ. 9.

*For reversal*—None.